No. 26-1133

MICHAEL HICKSON,

Appellant,

v.

PECO ENERGY COMPANY, *et al.*

Appellees.

**MOTION OF APPELLEES PECO ENERGY COMPANY, EXELON CORP., EXELON FOUNDATION, ROCKCREEK GROUP, COMMUNITY IMPACT FUND, PATRICK NOONAN, AND NATURAL LANDS FOR SUMMARY ACTION**

## I.  INTRODUCTION

Appellees, PECO Energy Company ("PECO"), Exelon Corp. ("Exelon"), Exelon Foundation, RockCreek Group ("RockCreek"), Community Impact Fund ("CICF"), Patrick Noonan, and Natural Lands (collectively, the "Private Appellees") by and through their undersigned counsel, hereby move for summary action in this appeal. Specifically, the Private Appellees request that this Honorable Court summarily affirm the December 17, 2025 Order and Opinion, and the January 8, 2026 Order and Opinion of the United States District Court for the Eastern District of Pennsylvania (collectively, the "Orders") with respect to the dismissal of the

claims of Appellant, Michael Hickson ("Hickson"). True and correct copies of the Orders and accompanying Opinions are attached hereto as Exhibits "A" and "B," respectively and incorporated herein by reference. In those Orders, the Honorable Gerald A. McHugh soundly and with ample legal support dismissed Hickson's purported federal claims with prejudice and properly dismissed his purported state-law claims. Hickson's appeal presents no substantial question as to the propriety of the dismissal of the claims against the Private Appellees. Summary affirmance is therefore warranted pursuant to Third Circuit LAR 27.4 and Third Circuit I.O.P. 10.6.

## II.  LEGAL ARGUMENT

### A. Jurisdiction and Standard of Review

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercises plenary review over a district court's order dismissing claims under Rule 12(b)(6). *See Budget Blinds, Inc. v. White,* 536 F.3d 244, 251 & n.5 (3d Cir. 2008). See *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Heffernan v. Hunter*, 189 F.3d 405, 408 (3d Cir. 1999). To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Further, this Court reviews a district court's dismissal of pendent state-law

2

claims for abuse of discretion. *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007).

This Court may summarily affirm where an appeal presents no substantial question. *See* 3d Cir. LAR 27.4(a) ("A party may move for summary action affirming, enforcing, vacating, remanding, modifying, setting aside or reversing a judgment, decree or order, alleging that no substantial question is presented[.]"); 3d Cir. I.O.P. 10.6 ("The court, *sua sponte* or upon motion by a party, may take summary action affirming, reversing, vacating, modifying, setting aside, or remanding the judgment, decree, or order appealed from . . . if it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action.").

## B. Hickson's Complaint

The District Court's Orders accurately characterize the allegations set forth in Hickson's dismissed complaint. Put simply, Hickson's claims relate to PECO's alleged collection activity on overdue utility bills interspersed with allegations relating to corporate donations, customer assistance programs offered by utilities, and privacy. *See* Ex. A, Dec. 17 Opinion at 2. As explained by the District Court, Hickson's complaint asserted the following causes of action against the Private Appellees:

> [V]iolations of the Commerce Clause and contract rights against PECO
> and Exelon for failure to fully disclose contract terms (Count I);

violation of his Seventh Amendment right to trial by jury against all Defendants for pursuit of collection activities without affording due process (Count II); violations of nonprofit tax-exempt status against Exelon Foundation, CICF, and Natural Lands, and private inurement against those Defendants as well as PECO and Exelon for "divert[ing]" customer funds to nonprofits (Count III); corporate malfeasance and improper profit distribution against PECO for failing to obtain consent before "commercializing customer personal information" (Count IV); Unrelated Business Income Tax (UBIT) violations against PECO and Exelon for failure to report and pay taxes on the sale of customer information (Count V); violations of federal privacy rights and unauthorized commercial exploitation of personal information against PECO for using his Social Security Number without consent (Count VI); and, "civil rights violations" pursuant to 42 U.S.C. § 1983 against "individual Defendants" for deprivation of federal rights (Count VII).

*Id.* at 3. Hickson also asserted various state-law claims sounding in corporate malfeasance, improper profit distribution, and alleged privacy violations. *Id.* at 7; Ex. B, Jan. 8 Opinion at 2.

### C. No Substantial Question is Presented Relative to the Dismissal With Prejudice of the Purported Federal Statutory Claims

The District Court correctly concluded that each of Hickson's federal allegations failed to state a claim and required dismissal under Fed. R. Civ. P. 12(b)(6).

First, the District Court properly dismissed Counts I (Commerce Clause and contract claims), II (Seventh Amendment claims), and VII (civil rights claims under 42 U.S.C. § 1983) because the Private Appellees are not state actors. *See* Ex. A., Dec. 17 Opinion at 4-6. As thoroughly explained in the Opinion, the law is clear and dictates that the Private Appellees cannot be seen any other way. *Id.* at 5, n.3; *see*

*also Leshko v. Servis*, 423 F.3d 337, 340 (3d. Cir 2005) (concluding that a private party undertaking "an activity that is significantly encouraged by the state or in which the state acts as a joint participant" is a state actor under § 1983) (emphasis omitted); *Zapata v. PECO*, No. 17-3699, 2017 WL 4075265, at *2 (E.D. Pa. Sep. 13, 2017), *aff'd*, 712 F. App'x 216 (3d Cir. 2018), *cert. denied*, 586 U.S. 1156 (2019); *Guyton v. PECO*, No. 18-2547, 208 WL 10016428, at *1 (E.D. Pa. Aug. 24, 2018), *aff'd*, 770 F. App'x 623 (3d Cir. 2019); *see also Jackson v. Metro. Edison Co.*, 419 U.S. 345, 358 (1974) (finding no state action where utility company "was a heavily regulated, privately owned utility . . . [and] elected to terminate service to petitioner in a manner which the Pennsylvania Public Utility Commission found permissible under state law").

Second, the District Court correctly dismissed Hickson's federal tax law claims under Counts III (claims of violations of nonprofit tax-exempt status and diversion of funds) and V (Unrelated Business Income Tax (UBIT) violations) because there is no private right of action to enforce the Internal Revenue Code. Ex. A, Dec. 17 Opinion at 6-7. The law on this point is equally clear. *See United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 308 (1978) ("The Secretary of the Treasury and the Commissioner of Internal Revenue are charged with the responsibility of administering and enforcing the Internal Revenue Code."); *see also Brodsky v.*

5

*Carter*, No. 15-CV-3469, 2015 WL 13746671, at *12 (S.D.N.Y. Dec. 15, 2015) (finding no private right of action for "unrelated business income" claims).

Third, the District Court correctly dismissed Hickson's Count VI claims under the Privacy Act claim because the clear language of the statute applies only to federal agencies and PECO is not an executive agency of the federal government. Ex. B, Jan. 8 Opinion at 2).

Fourth, the District Court correctly dismissed Hickson's Count VI claims under the Gramm-Leach-Bliley Act ("GLBA") because that statute does not provide a private right of action. *Id.* Once again, the District Court cited the black letter law on this issue in support of its holding. *Id.* (citing *Miller v. Navy Fed. Credit Union*, No. 23-CV-1910, 2023 WL 4629648, at *4 (E.D. Pa. July 18, 2023); *see also Ishmael v. GM Fin. Inc.*, No. 22-CV-1095, 2022 WL 2073821, at *2 (E.D. Pa. June 9, 2022); *USAA Fed. Sav. Bank v. PLS Fin. Servs., Inc.*, 340 F. Supp. 3d 721, 726 (N.D. Ill. 2018)).

Each of these holdings rests on well-established law and are not subject to reasonable dispute. Accordingly, none of Hickson's dismissed federal claims presents a substantial question warranting appellate review.

**D. No Substantial Question is Presented Relative to the District Court Declining to Exercise Supplemental Jurisdiction Over the Alleged State Claims**

The District Court also acted within its discretion in dismissing Hickson's purported state-law claims against the Private Appellees. Having dismissed all claims over which it had original jurisdiction under 28 U.S.C. § 1331, the District Court, in a proper exercise of its discretion, declined to exercise supplemental jurisdiction. Ex. A, Dec. 17 Opinion at 7; Ex. B, Jan. 8 Opinion at 2. The District Court expressly noted that no diversity jurisdiction existed, leaving only state-law theories sounding in "corporate malfeasance," improper profit distribution, and alleged privacy violations—claims that raise no extraordinary circumstances warranting the continued exercise of federal jurisdiction.

The decision whether to retain supplemental jurisdiction after the dismissal of all federal claims is committed to the District Court's sound discretion and is reviewed only for abuse of discretion. *Greco v. Senchak*, 627 F. App'x 146, 151 (3d Cir. 2015).

The District Court correctly applied settled, binding case law from this Honorable Court in dismissing Appellant's Complaint with prejudice. Accordingly, no substantial question is presented in this appeal as to the dismissal with prejudice of the legally deficient federal claims and the dismissal of the purported state claims.

The Court should, therefore, grant Private Appellees summary affirmance in this appeal.

## III. <u>RELIEF SOUGHT</u>

For the foregoing reasons, the December 17, 2025, and January 8, 2026, Orders and Opinions should be summarily affirmed pursuant to Third Circuit LAR 27.4 and Third Circuit I.O.P. 10.6.[1]

Respectfully submitted,

Date: March 6, 2026

*/s/ Diana P. Cortes*
Diana P. Cortes (PA. No. 204274)
Katherine H. Monks (PA No. 336611)
Morgan, Lewis & Bockius LLP
2222 Market Street
Philadelphia, PA 19103-3007
T: (215) 963-5000
F: (215) 963-5001
*Attorney for Appellees PECO Energy Company, Exelon Corp., Exelon Foundation, RockCreek Group, Community Impact Fund, Patrick Noonan, and Natural Lands*

---

[1] To the extent it might be considered, the Private Defendants support the notion that the District Court's dismissal of the claims against co-Appellees was proper and that an appeal therefrom also fails to present a substantial question, for the reasons set forth in the December 17 Order and Opinion. To that end, the Orders should be summarily affirmed in full.

# CERTIFICATE OF SERVICE

I, Diana P. Cortes, do hereby certify that a true and correct copy of the foregoing Motion of Appellees PECO Energy Company, Exelon Corp., Exelon Foundation, RockCreek Group, Community Impact Fund, Patrick Noonan, and Natural Lands for Summary Action was served on all counsel of record via ECF and upon Appellant via email and first class mail prepaid at the following address:

Michael Hickson
6604 N. 12 St.
Philadelphia, PA 19126
Mikalh47@gmail.com

Dated:  March 6, 2026

*/s/ Diana P. Cortes*
Diana P. Cortes (PA. No. 204274)
Morgan, Lewis & Bockius LLP
2222 Market Street
Philadelphia, PA 19103-3007
T: (215) 963-5000
F: (215) 963-5001

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL HICKSON** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 25-02980** |
| | : | |
| **PECO ENERGY COMPANY,** *et al.* | : | |

**McHUGH, J.**                                                                                    **December 17, 2025**

## MEMORANDUM

*Pro se*[1] Plaintiff Michael Hickson initiated this civil action against several defendants by filing a Complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983, unauthorized use of personal information, breaches of the federal tax code, and various state law

---

[1] On July 23, I issued a Supplemental Order striking from the record a document filed by Orlando Acosta. *See* ECF 15. Though Mr. Acosta purported to represent Mr. Hickson, this was impermissible because Mr. Acosta is not an attorney and therefore cannot represent another person in court—a fact of which he is well aware given previous admonishment by both the Third Circuit and myself. *See Miller v. Burt*, 765 F. App'x 834, 836 (3d Cir. 2019); *Miller v. Exelon*, No. 19-cv-0231, 2019 WL 952273, at *3 (E.D. Pa. Feb. 26, 2019) (McHugh, J.), *aff'd per curiam*, 775 F. App'x 37 (3d Cir. 2019). Mr. Hickson subsequently filed an exhibit consisting of a screenshot of an email from Mr. Acosta. *See* ECF 16. In the email, Mr. Acosta asserts himself as duly representing Mr. Hickson because he is "the power of attorney" or, in the alternative, because "[Mr. Hickson's] Peco account is under [Mr. Acosta's] LLC." *Id.*

As I noted in *Miller v. Exelon*, Mr. Acosta is not an attorney and therefore may not represent another person in federal court, regardless of any purported title of "power of attorney." *See Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) (noting that power of attorney over another person's affairs "does not permit [one] to represent [another] . . . in federal court"); *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 878 (3d Cir. 1991) (finding, in general, a plaintiff who is not an attorney may not bring claims on behalf of another in federal court).

Mr. Acosta's latter assertion is similarly misguided. Even if Mr. Hickson's PECO account is under Mr. Acosta's LLC, corporations and partnerships—including LLCs—must be represented by an attorney in federal court. *See Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966) (per curiam) (finding that the non-attorney president of a corporation could not represent the corporation in federal court because representatives "must be attorneys at law who have been admitted to practice"); *Rowland v. Ca. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Osborn v. Bank of U.S.*, 22 U.S. 738, 745 (1824) (finding that a corporation "must always appear by attorney").

violations.  *See* Compl., ECF 1.  Defendants have moved to dismiss, and those motions will be granted.

## I.    Facts as pled

Mr. Hickson entered into a contract with PECO Energy Company ("PECO") for electric utility services for his Philadelphia residence in February 2022.  Compl. ¶ 12.  He alleges that PECO did not disclose the full terms of the contract, notably that PECO would use customers' personal information for commercial purposes.  *Id.* ¶¶ 13–15.  Additionally, Mr. Hickson claims that PECO failed to obtain his signature "on the required SSA form" in violation of federal privacy law.  *Id.* ¶¶ 17–18.  He quickly became overdue on his utility bill and received a shut-off notice on May 24, 2022 due to his balance of $1,077.32.  *See id.* ¶¶ 31–32.  Mr. Hickson alleges that he was enrolled in PECO's Customer Assistance Program as of March 2022 and claims his enrollment should have prevented any collection activity by PECO.  *See id.* ¶¶ 19–21, 33.  The Complaint also alleges that PECO and its parent company, Exelon, take customer funds and donate them to nonprofits including Natural Lands, instead of using funds to assist low-income and elderly customers like Mr. Hickson.  *See id.* ¶¶ 25–29.

On June 9, 2025, Mr. Hickson initiated this action against PECO, Exelon Corporation ("Exelon"), Exelon Foundation, RockCreek Group, Community Impact Capital Fund ("CICF"),[2] former PECO officer Patrick Noonan, Natural Lands, Pennsylvania Public Utility Commission ("PUC"), former PUC Commissioner and Chair Gladys Brown Dutrieville, former Governor Tom Wolf and his successor, and former Mayor Jim Kenney and his successor.  *See* Compl. ¶¶ 1–11.

---

[2] The Complaint names "The Rock Creek Group/Community Impact Capital Fund" as a single entity.  *See* Compl. ¶ 6.  Defendants assert that these are separate entities, and that the former's name is "RockCreek Group".  *See* Private Defs.' Mot. to Dismiss 1 n.2, ECF 22-1.  I will refer to them accordingly.

Mr. Hickson's claims and causes of action are difficult to parse; I will address each in the sections that follow. His request for relief includes $10,000,000 in monetary damages as well as compensatory and punitive damages, preliminary and permanent injunctions against Defendants, an order commanding PECO to disclose all usage of Mr. Hickson's personal information, and an order commanding PECO and Exelon to comply with "applicable federal tax requirements." *Id.* at 6–7.

Mr. Hickson lists the following claims in his Complaint: violations of the Commerce Clause and contract rights against PECO and Exelon for failure to fully disclose contract terms (Count I); violation of his Seventh Amendment right to trial by jury against all Defendants for pursuit of collection activities without affording due process (Count II); violations of nonprofit tax-exempt status against Exelon Foundation, CICF, and Natural Lands, and private inurement against those Defendants as well as PECO and Exelon for "divert[ing]" customer funds to nonprofits (Count III); corporate malfeasance and improper profit distribution against PECO for failing to obtain consent before "commercializing customer personal information" (Count IV); Unrelated Business Income Tax (UBIT) violations against PECO and Exelon for failure to report and pay taxes on the sale of customer information (Count V); violations of federal privacy rights and unauthorized commercial exploitation of personal information against PECO for using his Social Security Number without consent (Count VI); and, "civil rights violations" pursuant to 42 U.S.C. § 1983 against "individual Defendants" for deprivation of federal rights (Count VII).

All Defendants have moved to dismiss, forming three groups: Commonwealth Defendants (PUC, Brown Dutrieville, former Governor Wolf, and Governor Josh Shapiro), City Defendants (former Mayor Kenney and Mayor Charelle Parker), and Private Defendants (PECO, Exelon, Exelon Foundation, RockCreek Group, CICF, Patrick Noonan, and Natural Lands). *See* ECF 19,

3

ECF 20, ECF 22.  Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, as well as under Rule 12(b)(6) for failure to state a claim.  *See* Priv. Defs.' Mot. to Dismiss 10–11, ECF 22-1; Commw. Defs.' Mot. to Dismiss 3, ECF 19.

Plaintiff was granted an extension until December 13, 2025, to respond to the motions, ECF 25, but has not done so.

## II.    Standard of Review

A facial challenge under Rule 12(b)(1) contests "subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to consider the allegations of the complaint as true."  *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (cleaned up).  The same standard applies under Rule 12(b)(6), as set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Because Mr. Hickson is proceeding *pro se*, I construe his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

## III.   Discussion

### A.  Federal claims brought under § 1983

Mr. Hickson appears to allege two constitutional claims under 42 U.S.C. § 1983, one under the Commerce Clause, and one under the Seventh Amendment. As an initial matter, to state a claim under § 1983, a plaintiff must show that an alleged deprivation of a constitutional right "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42,

48 (1988).  Necessarily therefore, the claims lack validity as to the Private Defendants. [3]  As to

the governmental officials sued, the claims are untimely.

The timeliness of a § 1983 claim is governed by the limitations period applicable to

personal injury actions of the state in which the cause of action arose.  *Kach v. Hose*, 589 F.3d

626, 634 (3d Cir. 2009).  The Pennsylvania statute of limitations for a personal injury action is two

years.  *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)).  Mr. Hickson's claims concern events

occurring between February and May 2022 and he filed the Complaint on June 9, 2025.  This is

well beyond the two-year period and the Complaint is thus untimely on its face.  *Wisniewski v.*

*Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state

a claim on statute of limitations grounds only when the statute of limitations defense is apparent

on the face of the complaint.").  Mr. Hickson's other federal claims brought pursuant to § 1983 are

therefore also untimely.

I will therefore grant Defendants' motions to dismiss the Commerce Clause claims

embodied in Count I, as well as Count II and Count VII, and do so with prejudice because any

---

[3] Mr. Hickson does not explicitly cite § 1983 as a vehicle to sue PECO, Exelon, Exelon Foundation, RockCreek Group, CICF, Patrick Noonan, and Natural Lands for violation of federal rights, yet this is the only reasonable inference from his Complaint.  To the extent that he brings claims against these Defendants pursuant to § 1983, such claims are impermissible insofar as Mr. Hickson fails to allege that these private actors are transformed into state actors by any actions they may have taken under color of state law, as § 1983 requires.  *See Leshko v. Servis*, 423 F.3d 337, 340 (3d. Cir 2005) (concluding that a private party undertaking "an activity that is significantly encouraged by the state or in which the state acts as a joint participant" is a state actor under § 1983).

Courts have repeatedly held that PECO is not a state actor.  *See, e.g.*, *Zapata v. PECO*, No. 17-3699, 2017 U.S. Dist. LEXIS 148949, at *5 (E.D. Pa. Sep. 13, 2017), *aff'd*, 712 F. App'x 216 (3d Cir. 2018), *cert. denied*, 586 U.S. 1156 (2019); *Guyton v. PECO*, No. 18-2547, 2018 U.S. Dist. LEXIS 231015, at *2 (E.D. Pa. Aug. 24, 2018), *aff'd*, 770 F. App'x 623 (3d Cir. 2019); *see also Jackson v. Metro. Edison Co.*, 419 U.S. 345, 358 (1974) (finding no state action where utility company "was a heavily regulated, privately owned utility . . . [and] elected to terminate service to petitioner in a manner which the Pennsylvania Public Utility Commission found permissible under state law").

amendment would be futile.  *See United States ex rel. Schumann v. AstraZeneca Pharm. LP*, 769 F.3d 837, 849 (3d Cir. 2014) (finding the court "may deny leave to amend a complaint where it is apparent . . . the amendment would be futile" (internal citations omitted)).

### B.  Federal "Privacy Rights and Unauthorized Use of Personal Info" claims

Count VI contends that PECO lacked authorization to use Mr. Hickson's personal information, including his Social Security number, in violation of "federal privacy laws and regulations."  Compl. ¶¶ 57–60.  Mr. Hickson claims to have been injured by "PECO's unauthorized commercial exploitation of his personal information."  *Id.* ¶ 60.

I must construe all *pro se* allegations liberally, including applying relevant law even where the litigant fails to specifically name it.  *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002).  But "this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support."  *Shabazz v. Delaware Cnty. Prob. Dep't,* No. 25-CV-5039, 2025 WL 2936891, at *4 (E.D. Pa. Oct. 15, 2025); *see also Mala*, 704 F.3d at 245 ("*Pro se* litigants still must allege sufficient facts in their complaints to support a claim.").  A broad appeal to "federal statutory requirements" does not allow me to decipher whether there is any colorable claim under federal law.  I will therefore dismiss, without prejudice, Count VI for failure to state a claim pursuant to Rule 12(b)(6).  Plaintiff is granted 14 days within which to file an amended complaint as to this Count only, identifying specific federal statutes and explaining with plausible allegations how PECO violated a statute.  Plaintiff is reminded that the provisions of Rule 11 of the Federal Rules of Civil Procedure apply to litigants as well as lawyers.

### C.  Federal tax law claims

Mr. Hickson claims in Count III that CICF, Exelon Foundation, and Natural Lands violate their nonprofit tax-exempt status by receiving "divert[ed]" customer funds from Exelon and PECO

while PECO "pursues aggressive collection activities against vulnerable customers."  Compl. ¶¶ 42–46.  In Count V he contends that PECO and Exelon "engage in commercial activities related to the sale and exploitation of customer personal information that constitute unrelated business income subject to federal taxation."  *Id.* ¶¶ 52–56.  Generally, there exists no private right of action to enforce the Internal Revenue Code—such enforcement is within the realm of the Internal Revenue Service ("IRS").  *See United States v. LaSalle Nat. Bank*, 437 U.S. 298, 308 (1978) ("The Secretary of the Treasury and the Commissioner of Internal Revenue are charged with the responsibility of administering and enforcing the Internal Revenue Code."); *see also Brodsky v. Carter*, No. 15-CV-3469, 2015 U.S. Dist. LEXIS 169104, at *39 (S.D.N.Y. Dec. 15, 2015) (finding no private right of action for "unrelated business income" claims).

Counts III and V are therefore dismissed with prejudice, as amendment would be futile.

### D.  State law claims

To the extent that the remaining claims—violation of contract rights, corporate malfeasance, and improper profit distribution in Counts I and IV—might be construed as an attempt to invoke state law, *see* Compl. ¶¶ 35–38, 47–51, I decline to exercise supplemental jurisdiction.  Nor is there diversity jurisdiction, as several defendants, like Mr. Hickson, are citizens of Pennsylvania, and under the diversity statute "no plaintiff [may] be a citizen of the same state as any defendant."  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quotation omitted).

## IV.    Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss will be granted.  An appropriate order follows.

        /s/ Gerald Austin McHugh
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL HICKSON                        :
                                       :      **CIVIL ACTION**
v.                                     :      **No. 25-2980**
                                       :
PECO ENERGY COMPANY, *et al.*          :

## ORDER

This 17th day of December, 2025, it is hereby **ORDERED** that Defendants' Motions to Dismiss, (ECF 19, ECF 20, ECF 22), are **GRANTED** as follows:

- Counts II, III, V, and VII of Plaintiff's Complaint are dismissed with prejudice.

- Count I is dismissed with prejudice insofar as Plaintiff intends to assert a civil rights claim arising out of any violation of the Commerce Clause.

- The Court declines to exercise supplemental jurisdiction as to Count IV or any state law claim Plaintiff intends to advance in Count I.

- Count VI is dismissed without prejudice. Plaintiff is granted leave to amend within 14 days against Defendant PECO only, consistent with the admonitions set forth in the accompanying memorandum. Failure to amend as set forth herein will result in dismissal of Count VI with prejudice.

- The docket shall reflect that all parties have been dismissed with the exception of Defendant PECO.

 /s/ Gerald Austin McHugh
United States District Judge

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL HICKSON** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 25-2980** |
| | : | |
| **PECO ENERGY COMPANY,** *et al.* | : | |

**McHUGH, J.**                                                                     **January 8, 2026**

### MEMORANDUM

This is a *pro se* action raising a panoply of claims arising out of plaintiff Michael Hickson's disputes with his electrical utility company. Various motions to dismiss were granted on December 17th, 2025, with Plaintiff given leave to amend only Count VI of his complaint, which vaguely alleged violations of federal privacy law. Mr. Hickson now moves for reconsideration and has belatedly docketed responses to all the motions previously filed.

The motion first contends that the Court unfairly ruled against him on procedural grounds, without consideration of the merits, denying him due process. Not so. As a preliminary matter, Plaintiff was in fact granted an extension of time within which to respond to the pending motions to dismiss. ECF 25. He did not respond within the time allotted. Nonetheless, as required, the Court engaged in a substantive analysis of all the claims that Mr. Hickson raised, finding merit in none, and granted him leave to amend to restate his claim of an alleged invasion of his right to privacy. In short, there was no denial of due process.

Because Plaintiff was given ample opportunity to respond but failed to comply with the deadline imposed by the order granting an extension, and because the merits were fully considered, there is no legal or equitable basis on which to grant reconsideration. I have, nonetheless, in consideration of Mr. Hickson's *pro se* status, reviewed the three late responses he recently

docketed.  *See* ECF 29, 30, and 31.  Nothing set forth in those responses calls into question the validity of the analyses set forth in my previous memorandum.  ECF 26.  Nor does anything in those responses suggest that granting leave to amend would be anything but futile.

As noted above, the order of dismissal granted leave to amend Count VI.  Mr. Hickson has not complied with the terms of that order.  He has, however, within the body of his motion for reconsideration, identified the federal statutes he seeks to invoke: the Privacy Act, 5 U.S.C. § 552a, and the Gramm-Leach-Biley Act. 15 U.S.C. §§ 6801-6809.  As to the former, it applies only to executive agencies of the federal government.  As to the latter, although Defendant Philadelphia Electric Company may have obligations under the Act, it does not provide a private right of action. *Miller v. Navy Fed. Credit Union,* No. 23-CV-1910, 2023 WL 4629648, at *4 (E.D. Pa. July 18, 2023);  *see also Ishmael v. GM Fin. Inc.*, No. 22-CV-1095, 2022 WL 2073821, at *2 (E.D. Pa. June 9, 2022); *USAA Fed. Sav. Bank v. PLS Fin. Servs., Inc.*, 340 F. Supp. 3d 721, 726 (N.D. Ill. 2018) (citing cases).  Mr. Hickson also invokes constitutional privacy rights, but these would not supply a basis for a claim against PECO, a private entity.  Finally, he cites Pennsylvania common law on invasion of privacy, but there is no diversity jurisdiction here and, in the absence of any viable federal claim, no basis for supplemental jurisdiction.  I am therefore satisfied that any further attempt to state a claim for violation of federal privacy law would be futile and Count VI will therefore be dismissed without leave to amend.

An appropriate order follows.

     /s/ Gerald Austin McHugh
     United States District Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL HICKSON                          :
                                         :        CIVIL ACTION
         v.                              :        No. 25-2980
                                         :
PECO ENERGY COMPANY, *et al.*            :

## ORDER

This 8th day of January, 2026, for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that Plaintiff's Motion for Reconsideration, ECF 28, is **DENIED.**

It is further **ORDERED** that all claims in Count VI of the Complaint purportedly based on federal law are **DISMISSED** with prejudice, as Plaintiff has now clarified the basis on which he seeks to proceed, and the Court concludes that further leave to amend would be futile.

The Clerk is requested to close this case for statistical purposes.


                                          /s/ Gerald Austin McHugh
                                         United States District Judge